NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 14, 2008[*]
Decided May 22, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2234

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | |
| | No. 05-CR-39-C-01 |
| JOHN A. RADERMACHER, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

John Radermacher pleaded guilty to conspiring to possess and distribute more than 50 grams of crack. *See* 21 U.S.C. §§ 846, 841(a)(1). The probation officer, applying the 2005 version of the sentencing guidelines, recommended a base offense level of 38 because the conspiracy had involved at least 1.5 kilograms of crack. *See* U.S.S.G. § 2D1.1(c)(1) (2005). The probation officer calculated a total offense level of 42, and a criminal history category of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

IV, which resulted in an imprisonment range of 360 months to life.  Radermacher did not object to the probation officer's calculations, and the district court sentenced him to 360 months' imprisonment.  Had the conspiracy involved 1.5 kilograms of powder cocaine instead of crack, Radermacher's base offense level would have been 18.  *See id.* § 2D1.1(c)(11) (2005).

In the district court Radermacher did not argue that the harsher treatment of crack offenders—the so-called 100:1 ratio—is unfair, nor did the district court comment on the ratio.  On appeal, Radermacher argues that application of the 100:1 ratio resulted in an unreasonable sentence.  At the time he filed his appeal, his argument would have failed because we had held that a district court was prohibited from reducing the sentence of a crack offender merely because the court disagreed with the ratio adopted by the Sentencing Commission.  *See United States v. Jointer*, 457 F.3d 682, 686-88 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006).  But after he filed his appeal, the Supreme Court held in *United States v. Kimbrough*, 128 S. Ct. 558, 575-76 (2007), that a district court may reduce a defendant's sentence below the guidelines range in a routine crack case if the court is convinced that the ratio alone unfairly punishes the defendant.

Because in this case Radermacher did not argue that applying the 100:1 ratio would yield an unreasonable sentence, we cannot determine whether the district court would have taken the ratio into account had it not been constrained by our pre-*Kimbrough* precedents. *See United States v. Taylor*, No. 06-4123, 2008 WL 782739, at **1-2 (7th Cir. Mar. 26, 2008).  Accordingly, we remand to allow the district court to inform us whether it wishes to resentence Radermacher in light of *Kimbrough*.  *See id.  Cf. United States v. White*, No. 06-4185, 2008 WL 585036, at *6 (7th Cir. Mar. 5, 2008) (declining to order post-*Kimbrough* remand since sentencing court had said it would impose same sentence even if not bound by 100:1 ratio).  Before the district court answers our question on remand, however, it should give Radermacher an opportunity to move for resentencing in light of the Sentencing Commission's decision to make retroactive a 2007 amendment that decreased the base offense levels for crack offenses.  *See* U.S.S.G. App. C, Supp. Mar. 3, 2008, amend. 213; *Taylor*, 2008 WL 782739, at *3.

REMANDED.